UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-07426-Civ-Jordan/Bandstra

BRANDON VALDIVIESO, et al.,

　　Plaintiffs,

vs.

ATLAS AIR, INC.,

　　Defendant.

_____/



### Plaintiff's Motion for Remand and Local Rule 7.1(A)(3)(a) Certificate

Plaintiffs move this court pursuant to 28 U.S.C. § 1447(c) to remand this action to state court on the grounds that Congress expressly stated that actions arising under the Fair Labor Standards Act, 29 U.S.C. 201, et seq. may be "maintain[ed]" in state court and such actions, therefore, are non-removable.

### Introduction

This issue presented is whether a wage-and-hour action filed in state court can be removed. One circuit says it cannot, as does a Florida district court. Another circuit says it can. An Eleventh Circuit panel stated in dicta that it is "arguable" that Congress' choice of words in the FLSA precludes removal.



Page 1 of 12

**Procedural background**

Plaintiffs, Brandon Valdiviseo and David Kickzales, filed this action, along with various papers concerning its status as a class action under the opt-in provisions of 29 U.S.C. § 216(c), August 29, 2000 in state court in Broward County, Florida. Defendant filed a notice of removal over certificate of service dated September 27 on the grounds that this court has original jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

Plaintiffs now move for remand on the grounds that an Congress has expressly prohibited removal by stating that an action brought pursuant to the provisions of the Fair Labor Standards Act "*may be maintained* ... in any Federal or State court of competent jurisdiction..." 29 U.S.C. § 216(b) (emphasis supplied).

**Certificate of compliance with Local Rule 7.1(A)(3)(a)**

By signing this motion, plaintiffs' counsel certifies that, pursuant to Local Rule 7.1(A)(3)(a), he has conferred with Amy W. Adelman, Attorney at Law, one of defendant's counsel, who has said that defendant does not agree to the granting of this motion.

**The two statutes involved**

Determination of plaintiffs' motion requires the court to interpret two phrases in two statutes — the enforcement provisions of FLSA, 29 U.S.C. §

216(b), and the federal-question portion of the removal statute, 28 U.S.C. §§ 1441(a) and (b). Here are the two statutes with the phrases emphasized:

- **The enforcement provisions of the FLSA, 29 U.S.C. § 216(b)**

    **Damages; right of action; attorney's fees and costs; termination of right of action**

    Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. ***An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.*** No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor in an action under section 217 of this title in which (1) restraint is sought of any further delay in the payment of unpaid minimum wages, or the amount of unpaid overtime compensation, as the case may be, owing to such employee under section 206 or section 207 of this title by an employer liable therefor under the provisions of this subsection or (2) legal or equitable relief is sought as a result of alleged violations of section 215(a)(3) of this title.

- **The federal-question removal statute, 28 U.S.C. §§ 1441 (a) and (b)**

    **Actions removable generally**

    (a) ***Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.*** For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

    (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

**Point 1:** **The language of the Fair Labor Standards Act precludes removal**

The United States Court of Appeals for the Eighth Circuit, the first appeals court to consider the issue, held in Johnson v. Butler Brothers, 162 F.2d 87 (8th Cir. 1947) that the language Congress chose for the FLSA mandated that such actions, if filed in state court, stayed there.  The Johnson court analyzed the plain meaning of "maintain" and the context in which Congress had used it:

> "[T]o maintain an action or suit may mean to commence or institute it; the term imports the existence of a cause of action.  * * * Maintain, however, is applied to actions already brought, but not yet reduced to judgment * * * .  In this connection it means to continue or preserve (persevere) in or with; to carry on.  * * *" BLACK'S LAW DICTIONARY, 3rd

Ed., 1143. The usual dictionary definition of the word "maintain" is: "To keep up or carry on (as, to maintain an action or undertaking); persevere in; prosecute; also, to keep in existence or continuance * * * ."

* * *

[I]t is our opinion that Congress, in providing that an "action to recover such liability may be maintained in any court of competent jurisdiction * * * " and that "The court in such action shall, in addition to any judgment awarded to the plaintiff * * * , allow a reasonable attorney's fee * * * and costs * * * ," intended not only that the action might be commenced in any court of competent jurisdiction, but that it could be prosecuted to final judgment in the court in which it was commenced. If that was not the intention of Congress, the words "may be maintained in any court of competent jurisdiction" merely state a truism and are surplusage.

162 F.2d at 88-89. Thus, Johnson's holding is consistent with the "basic premise of statutory construction ... that a statute is to be interpreted so that no words shall be discarded as being meaningless, redundant, or mere surplusage." U.S. v. Canals-Jimenez, 943 F.2d 1284, 1287 (11th Cir. 1991) (a once-deported alien arrested at Miami International Airport as he "enter[ed]" or "attempt[ed] to enter" the United States could not be convicted of being "'found' in the United States" under statute that forbids all three activities); see also Pauly v. Eagle Point Software Co., 958 F.Supp. 437, 439 (N.D. Iowa 1997) (following Johnson and noting this "venerable rule of statutory construction").

Also consistent with that interpretation is the reasoning used in Lockard v. Equifax, Inc., 163 F.3d 1259 (11th Cir. 1998) (holding that action brought

pursuant to the Fair Credit Reporting Act (FCRA)[1] is removable) to distinguish the FLSA's use of "maintain" from the FCRA's statement that an action to enforce FCRA "may be brought in any appropriate United States district court ... or in any other court of competent jurisdiction" 15 U.S.C. § 1681p.

> [T]he FLSA states that a plaintiff can "maintain" an action in any other court of competent jurisdiction, whereas the FCRA states that suit "may be brought" in any other court of competent jurisdiction. This minor difference in language translates to more than a minor difference in meaning. A reader may reasonably infer that the word "maintain" arguably implies that an action may not only be initiated but also continued on to judgment. Thus, it is arguable that allowing a plaintiff to "maintain" an FLSA suit in state court is logically inconsistent with allowing the defendant to remove the action to federal court, and that when Congress chose the word "maintain," it intended to create an exception to the removal statute.

As observed in <u>Lemay v. Budget Rent A Car Systems, Inc.</u>, 993 F.Supp. 1448 (M.D. Fla. 1997), "instead of 'maintained,' Congress could have chosen to use the word 'brought' which has a decidedly different meaning." 993 F.Supp. at 1450, n. 3. The importance of the word "maintained" was the focus of <u>Maloy v. Friedman</u>, 80 F.Supp. 290 (N.D. Ohio 1948), which noted in following <u>Johnson</u> that "[t]he Supreme Court of the United States has twice held in construing the word 'maintained' in a Federal statute that 'to maintain a suit is to uphold, continue on foot and keep from collapse a suit already begun.'" 80 F.Supp. at 292, citing <u>Smallwood v. Gallardo</u>, 275 U.S. 56 (1927) and

---

[1] 15 U.S.C. § 1681.

George Moore Ice Cream Co. v. Rose, 289 U.S. 373 (1933). The Maloy court observed that "there is a well defined distinction between beginning and maintaining an action and that using the words in their ordinary significance 'maintain' carries a different meaning from 'institute' or 'begin,' and implies that an action must be begun before it can be maintained..." Id. Congress is presumed to have been aware of the Johnson court's interpretation of the word "maintain" when it enacted the 1948 amendment.[2] Based on that language, the Maloy court concluded, "the action is not removable and the motion to remand should be sustained." Id.

**Point 2:** **Congressional policy, as noted by the Supreme Court, disfavors removal of FLSA claims**

Two important congressional policies are served by the non-removability of FLSA claims — **One**, making it easier for working people to bring claims such as those arising under the wage-and-hour laws, and, **Two**, unclogging federal courts. Indeed, it is in part because of those policy reasons that several courts have rejected the argument that a 1948 amendment to the removal statute — which stated that federal-question claims were removable unless Congress "expressly provided" otherwise — immunized FLSA claims from remand. See

---

[2]See, e.g., Florida Nat. Guard v. Federal Labor Relations Authority, 699 F.2d 1082, 1087 (11th Cir. 1983) ("Congress is deemed to know the executive and judicial gloss given to certain language and thus adopts the existing interpretation unless it affirmatively acts to change the meaning.")

Lemay v. Budget Rent A Car Systems, Inc., 993 F.Supp. 1448 (M.D. Fla. 1997) ("[C]ongress expressly adopted certain provisions of the FLSA," which forbid removal).³ The Lemay court followed several other district courts in holding that using the word "maintained" indeed had created in the FLSA an express provision against removal. See Pauly, 958 F.Supp. at 439 ("the subsequent amendment to 28 U.S.C. § 1441 did not negate the holding in Johnson"); Haun v. Retail Credit Co., 420 F.Supp. 859 (W.D. Pa. 1976) (contrasting language of FLSA and Fair Credit Reporting Act); Wilkins v. Renault Southwest, Inc., 227 F.Supp. 647, 648 (N.D. Tex. 1964).

The Lemay court, as did the court in Wilkins, seized upon a passage from a 1958 Senate committee report that characterized FLSA actions, along with those brought pursuant to such worker-friendly statutes as the Railway Employers Liability Act and other workmen's compensation cases, as not being removable. 993 F.Supp. at 1450; S.Rep. No. 1830 (1958), reprinted in 1958 U.S.C.C.A.N. 3099, 3106.⁴ The Lemay court further embraced the Wilkins

---

³But see Cosme Nieves v. Deshler, 786 F.2d 445, 451 (1st Cir. 1986); Baldwin v. Sears,, Roebuck & Co., 667 F.2d 458, 459-461 (5th Cir. 1982) (addressing only removability of a claim under the Age Discrimination in Employment Act and specifically stating that it was not addressing FLSA claims)

⁴ While subsequent legislative history is not dispositive, it is useful in illumining congressional intent. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394, (1982) (citing such history as additional support for the conclusion that Congress intended the 180 days within which a Title VII claimant must file a Charge of Discrimination with the Equal Employment Opportunity Commission to operate as a statute of limitations instead of a

court's policy observations concerning how allowing employers to remove wage-and-hour claims to federal court could put those often-small amounts beyond the reach of the working men and women for whose benefit the FLSA was enacted. See 993 F.Supp. at 1450-1451.

> When enacting the abridging amendments of 1948 and 1958 Congress was aware that these small cases should not be removable for a very practical reason: removal was an obvious tactic by which the defendant could delay, increase the costs of litigation and harass the plaintiff. Where the employee commences such a suit in a state court far removed from the nearest federal court the cost of travel and subsistence of the claimant, his witnesses and attorneys, would amount to a denial of the very cause of action conferred by Congress in Section 216(b).

Wilkins, 227 F.Supp. at 648. See also Horton v. Liberty Mutual Insurance Co., 367 U.S. 348, 351-352 (1961) (citing Senate Report 1830's focus on how Congress, by forbidding removal of worker's compensation claims from state court, not only had decreased congestion in federal courts but also had shown concern "about trial burdens that claimants might suffer by having to go to trial in federal rather than state courts due to the fact that the state courts are likely

---

jurisdictional requirement). "Although a committee report written with regard to a subsequent enactment is not legislative history with regard to a previously enacted statute, it is entitled to some consideration as a secondarily authoritative expression of expert opinion." Bobsee Corp. v. United States, 411 F.2d 231, 237 n. 18 (5th Cir.1969) (agreeing with taxpayers that "subsequent legislative statements are not part of the history [of a challenged tax code provision]," but rejecting "the corollary of this proposition ... that such statements should be disregarded altogether" and finding later enactment to evidence congressional intent against allowing the use of transfers amongst multiple corporations to avoid taxation on transactions).

to be closer to an injured worker's home and may also provide him with special procedural advantages in workmen's compensation cases"); Haun, 420 F.Supp. at 862-863;[5] Carter v. Hill & Hill Truck Line, Inc., 259 F.Supp. 428, 430 (S.D. Tex. 1966) (setting out in an appendix the American Law Institute commentary noting that "[t]hese cases are typically for a very small sum and would invite the use of removal as a harassing tactic").

The second important congressional policy served by making FLSA claims non-removable is "to limit removal from state courts," American Fire & Casualty Co. v. Finn, 341 U.S. 6, 9-10 (1951) (analyzing 1948 amendment) so as "to reduce congestion in the Federal District Courts..." Horton, 367 U.S. at 350-351 (analyzing 1958 amendment). As noted in Wilkins, consistent with the argument that the 1947 amendment did not make FLSA more removable than

---

[5]The Haun court, noting that it was "not unaware of the policy issue presented here," observed that:

> [S]ome courts have noted in FLSA cases that the amount in controversy may be small and some plaintiffs in rural areas may be "removed" out of a suit if they are forced to suffer the expense and inconvenience of maintaining their suit in a federal court many miles away. Therefore, they contend that Congress intended the FLSA to provide not only a broad basis for relief, but also a broad enforcement jurisdiction in a court of plaintiff's choosing, protected from a defendant's veto of forum." [Footnote omitted.]

they had been before under Johnson, "[i]n enacting the 1948 amendment, Congress intended to limit — not extend — removability." 227 F.Supp. at 648.

Thus, the court should construe the enforcement provisions of the FLSA, 29 U.S.C. § 216(b), and the federal-question removal statute, 28 U.S.C. § 1441(a), as precluding removal of wage-and-hour cases, because the word "maintain" is an "express provi[sion]" against such removal. To so hold would serve Congress' twin intentions of, **First**, making such actions easier for working people to prosecute in state courts and, **Second**, reducing the case load in United States district courts.

## Conclusion

Based on the arguments presented and the authorities cited, the court should remand this action to state court.

Respectfully submitted,

_____
WILLIAM R. AMLONG
Florida Bar No. 470228
AMLONG & AMLONG, P.A.
Attorneys for the Plaintiff
Second Floor
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301
(954) 462-1983

Dated: October 26, 2000

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been served by United States Mail this 26th day of October, 2000, upon Raul A. Arencibia, Esquire, Kilpatrick Stockton, First Union Financial Center, Suite 2000, 200 South Biscayne Boulevard, Miami, FL 33131-2319, and R. Slaton Tuggle, III, Esquire, and Amy W. Adelman, Attorney at Law, Kilpatrick Stockton, Suite 2800, 1100 Peachtree Street, Atlanta, GA 30309-4530.

_____
WILLIAM R. AMLONG